## ABRAHAM HAGER v. JOHN NOLAN.

If a man professes to be a competent kettle setter and undertakes a work of that description, he is bound to bring to the execution of it the requisite skill; but he is entiled to *fair play*, and his work should not be strained before it is thoroughly dry.

APPEAL from the District Court of West Baton Rouge. *Penn*, J. *G. S. Lacey*, for plaintiff. *S. P. Greves*, for defendant. The judgment of the court was pronounced by

ROST, J. The defendant employed the plaintiff to put up two sets of sugar kettles for him, and, after the work was done, paid him $500. The plaintiff now claims $374, the balance alleged to be due him for the value of the work. The defendant refuses to pay, on the ground that the plaintiff had insured, that the kettles would last three years, but that the work, on trial, proved so defective that he was put at much expense in repairs after the first year, and at the end of the second, was compelled to have the kettles taken down and re-set. He also alleges loss in consequence of the leakage of the work, and prays for damages in reconvention.

The case is before us on the appeal of the defendant from a judgment rendered against him, on the verdict of a jury, for the sum claimed.

There is no doubt, that if a man gives himself out as a kettle setter, and undertakes a work of such vital importance to the sugar planter, he is bound to bring to the execution of it the requisite skill and experience. But he must have fair play; no unusual amount of labor should be required of him, and his work should not be strained before it is thoroughly dryed.

It seems that, although the work in this case appeared well done, and the defendant frequently expressed his satisfaction of it, it did not stand fire, the arches settled. the cross timbers burned, and the kettles leaked badly. Witnesses testify, that this was owing to the kettles having been used before the masonry was dry, and also to frequent stoppages in grinding. These reasons are not very satisfactory. But there are other facts in the record, which probably had greater influence on the minds of the jury.

The defendant had employed another kettle setter, who disappointed him. He waited until the grinding season before he employed the plaintiff, and then made him work week-days, Sundays, and at night. The jury were justified in coming to the conclusion, that the defects of the work were attributable

to the haste with which they had been put up, and to the unreasonable amount of labor which the plaintiff had been made to perform. We do not know that this was the ground upon which the jury decided; but it is enough that it may have been, to induce us to sustain the verdict.

The judgment is affirmed, with costs.